No. 13,858.

PEOPLE *v.* SPINUZZA.
(62 P. [2d] 471)

Decided November 9, 1936.

Mr. FRENCH L. TAYLOR, District Attorney, Mr. PAUL P. PROSSER, Attorney General, Mr. WALTER F. SCHERER, Assistant, for the people.

No appearance for defendant in error.

Mr. A. T. STEWART, Mr. V. G. SEAVY, amici curiae.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THIS criminal case is brought here by the people of the state of Colorado on assignment of error to a trial had upon an information charging defendant in error, Spinuzza, with receiving stolen property, knowing same to have been stolen.

The evidence in the case discloses that Spinuzza, on September 27, 1933, operated the Oasis cafe in Pueblo county, Colorado. On the night of this date, Consonera, Griffin and Peasley burglarized a store operated as The Groceterias in said county. The burglary was committed on three entries at different intervals during the night. On the first entry three sacks of sugar were taken and deposited in some weeds about ten feet from the store. Immediately thereafter the three burglars went to Spinuzza's cafe and Peasley conversed with Spinuzza asking him if he wanted to buy some sugar and tobacco, to which Spinuzza replied that he did and that he wanted Peasley, Griffin and Consonera to get more sugar and anything else they could and call him up. He also inquired of them as to the location of the property and was told where it was hidden. Peasley then told his accomplices of this conversation and the three went back to the "groceteria" and took nine sacks of sugar, 71 cartons of cigarettes, and a quantity of tobacco, candy, gum and matches. Spinuzza then was called by telephone and met the three burglars and they together went to where the stolen property was located, put it into an automobile then used by Spinuzza and took it to a garage. While hauling the stolen property in several trips, Spinuzza stated that he wanted some coffee and upon return to the "groceteria," Peasley en-

tered and took the coffee while Spinuzza and one of the burglars were standing at the back of the store.

The information, filed October 20, 1933, charges that Spinuzza feloniously bought and received all of the property of the value of $146.30, knowing it to have been stolen. This information was filed in October, 1933, trial was had February 19, 1935, resulting in a mistrial by reason of failure of the jury to agree, and the case was again tried June 5, 1935, when the jury found Spinuzza guilty in manner and form as charged in the information and fixed the value of the property received at $15. On this verdict, defendant was sentenced to 60 days in the county jail.

The value found by the jury in its verdict was undoubtedly based on Instruction No. 11, given by the court and objected to at the time by the people. It is as follows:

"You are instructed that the charge contained in the information contemplates only the receiving of property which has been previously stolen by some other person and does not contemplate the reception of property in the theft of which the defendant himself participated.

"Testimony with reference to certain articles in the theft of which the defendant participated has been admitted for the purpose of showing the guilty knowledge, if any, of the defendant.

"If you find from the evidence beyond a reasonable doubt that the defendant is guilty of receiving stolen property in arriving at the value thereof, you are limited to the value of the three sacks of sugar shown to have been stolen prior to the time any knowledge thereof came to the defendant."

Section 6645, C. L. 1921, concerning accessories to crime, is as follows: "An accessory is he or she who stands by and aids, abets or assists, or who, not being present, aiding, abetting or assisting, hath advised and encouraged the perpetration of the crime. He or she who thus aids, abets or assists, advises or encourages, shall be deemed and considered as principal and punished accordingly. * * *."

Spinuzza stands convicted of having received three sacks of sugar. It is not contended that he knew of the first entry by the burglars upon which occasion this sugar was taken. The evidence seems to show that he advised and encouraged a further perpetration of the crime committed on the second entry, but that he was not present during the commission thereof. He was present at the time of the third entry when the coffee was taken. On such a state of facts, he could properly have been charged as a principal on the second and third entries, but not on the first. This however, does not preclude his being indicted for receiving stolen property, the fruits of the first and second entries. He was not present at either and while being susceptible to indictment as a principal on account of his being an accessory to the second entry, he was subject to criminal prosecution upon the separate and distinct offense of receiving. Whether or not a conviction thereunder would bar a conviction as principal, is not a question involved in this proceeding, and upon this point we express no opinion. This conclusion does not bring the case within the rule that a principal cannot receive from himself with felonious intent. Such rule applies only to a principal present and in actual, physical participation in the crime.

Spinuzza not being present at the commission of a crime that he had encouraged, and having received property stolen in the commission of such crime, was subject to prosecution for receiving stolen goods, which in this case included the nine additional sacks of sugar and other property taken on the occasion of the second entry, and the trial court was in error in limiting the amount of the value of the property stolen, as was done by the instruction herein set out and given over the objection of the people.

The judgment is accordingly disapproved.

MR. JUSTICE BURKE sitting for MR. CHIEF JUSTICE CAMPBELL, who did not participate.