## No. 17,848.

ALBERT T. CASADAS *v.* PEOPLE OF THE STATE OF COLORADO.
(304 P. [2d] 626)

Decided October 1, 1956. Rehearing denied October 22, 1956.

Mr. EUGENE DEIKMAN, Mr. SAMUEL D. MENIN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN B. BARNARD, JR., Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, to whom we will herein refer as defendant, together with three other persons was accused of offenses set forth in an information containing six counts, filed in the district court of the City and County of Denver. Two of the counts of the information were withdrawn from the consideration of the jury. The second count was the only one of the four submitted upon which the jury returned a verdict, which verdict was in the following language:

"We, the jury, find the defendant, Albert T. Casadas Guilty of conspiracy to commit fictitious check, as charged in the second count of the Information herein.

CHARLES W. WATTS
Foreman."

Motion for new trial was filed and overruled, and judgment was entered upon the verdict. Defendant,

seeking review thereof brings the cause to this Court **by writ of error.**

 Notwithstanding that the fatal defect in the proceedings is not presented or argued by counsel, we deem it our duty to dispose of the case upon the patent insufficiency of the second count of the information to charge an offense with that degree of certainty required by the law; this, coupled with the total failure of the evidence to show a violation of the statute specifically mentioned in the charge, requires reversal. The said count contains, inter alia, the following:

"* * * that on the 27th day of January, A. D. 1955, at the City and County of Denver, State of Colorado, RAYMOND A. GONZALES and ROBERT QUINTANA and ALBERT T. CASADAS and KENNETH L. WELLS did then and there unlawfully and feloniously agree, conspire and cooperate with each other * * * to do and to aid in the doing by them * * * an unlawful act, to wit, a felony, against KING SOOPERS, INC., a corporation, which felony was the crime of Fictitious Check, as defined by Section 7, Article 6, Chapter 40, Colorado Revised Statutes, 1953, * * *."

The statute, C.R.S. 1953, 40-6-7, to which specific reference is made in the count upon which defendant was convicted, has nothing to do with checks. It is captioned "Clipping or scaling coin — penalty," and reads as follows:

"Every person who, with intent to defraud, shall impair falsely, clip, scale, lighten or diminish any gold or silver coin, now current, or that shall hereafter be current by law or usage in this state, shall be deemed guilty of forgery, and upon conviction thereof shall be punished by imprisonment in the penitentiary for a term not less than one year nor more than fourteen years."

No evidence was introduced upon the trial which tended in the least to prove any offense "as defined by Section 7, Article 6, Chapter 40, Colorado Revised Statutes, 1953."

At the conclusion of the evidence offered on behalf of the people, counsel for defendant moved the court for a directed verdict of not guilty as to each count and assigned his reasons therefor. In addition thereto he moved to dismiss count No. 2 and directed the attention of the court specifically to the fact that said count identified with particularity "Section 7, Article 6, Chapter 40, Colorado Revised Statutes, 1953," and pointed out to the court that there was a variance between the facts shown in evidence and the charge contained in the information. In concluding his motion to dismiss he stated, "I think the District Attorney is bound by his allegation." The court ruled as follows:

"First of all, I am going to deny the motion for directed verdict. The motion to dismiss Count No. 2 is denied. Leave will be granted now to amend said count so as to read Section 8 instead of Section 7. Exceptions will be noted."

Notwithstanding the fact that leave was granted to amend the second count "so as to read Section 8 instead of Section 7," no amendment was made and the record as certified to this Court contains the count in its original form. By this statement we do not mean to infer that under the circumstances here present such amendment could have been made. Paragraph 4 of the motion for a new trial is as follows:

"The Court erred in allowing the People to amend Count 2 of the information over the objection of the defendant."

Where a count of an information in a criminal case identifies with particularity the exact section of the statute upon which a prosecution is based, as in the instant case, no other statute can be substituted for the one actually selected as forming the subject matter of the prosecution.

The motion made by defendant's counsel to dismiss count No. 2 on the ground of fatal variance between the charge and the proof offered unquestionably was

good and should have been sustained. An accused person is entitled to be tried on the specific charge contained in the information, and after a plea of not guilty has been entered and the people have submitted all the evidence which the prosecutor desires to present to sustain that charge, no amendment can be made thereto which changes entirely the substance of the crime which defendant is alleged to have committed. This is exactly what the trial court undertook to do in this case by granting leave "to amend said count so as to read Section 8 instead of Section 7." Moreover, the language contained in the information, as follows, "which felony was the crime of Fictitious Check, * * *" is wholly insufficient to describe an offense against the law. The words, "Fictitious Check" of themselves do not define a crime. We know of no offense which can be defined as "Fictitious Check." A section of our statutes, C.R.S. 1953, 40-6-8, to which no reference is made in the count of the information under scrutiny, does provide that "Every person who shall make, pass, utter or publish, with an intent to defraud any person, * * * any fictitious bill, note or check * * * for the payment of money * * * shall be deemed guilty of the crime of forgery, and on conviction thereof shall be punished * * *."

The above quoted statute is the one which the trial court attempted to substitute for the one charged in the information.

It may well be that the foregoing statute was the one upon which the district attorney intended to base his case. The fact is, however, that with unquestioned certainty the information identified another statute which the defendants were accused of conspiring to violate, and no proof was offered which was relevant or material to the issues raised by the plea of not guilty which defendant entered to that count.

Under these circumstances the judgment cannot stand and accordingly is reversed.