■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH SPARKS, Appellant.— Judgment unanimously reversed on the law and facts and new trial granted. Memorandum: The indictment charged appellant with the crime of grand larceny, first degree, in that he did "counsel, command, induce and procure another to steal" upwards of $500 from a named person. In a separate count defendant was charged with a violation of section 1308 of the Penal Law in that on the same day he received more than $100 knowing the same to have been stolen. The proof at the trial disclosed that the money was so received from the same person that appellant was charged with inducing to commit the larceny. A sharp factual issue was presented as to whether defendant was a principal in the larceny (Penal Law, § 2) or a receiver of stolen property. Whatever doubts may once have existed as to whether one who assists in a larceny may or may not be convicted of receiving the stolen property (cf. *People* v. *Romanelli*, 197 App. Div. 876, 879) or whether one so situated may be convicted of both larceny and receiving stolen property (cf. *People* v. *Vitolo*, 271 App. Div. 959, affd. 297 N. Y. 575) were resolved by *People* v. *Daghita* (301 N. Y. 223). There the court after reviewing the earlier decisions and setting forth the anomalous results that might ensue from a contrary holding said (p. 228): "A defendant may, of course, be indicted for both the crime of larceny and the crime of concealing and withholding and it is for the jury to determine whether he is guilty as a thief of the larceny *or* as a non-thief of concealing and withholding. In the case before us, the trial court erred in permitting the jury to convict the defendant of both." It follows that the trial court herein erred in instructing the jury that it might find appellant guilty of either or both crimes. The fact that the jury found defendant guilty of only the count charging the crime of receiving the stolen property is immaterial as there were further deficiencies in the instructions. In the main charge the court failed to mention the subject of corroboration of the testimony of an accomplice. In response to requests there were brief references thereto but the jury was not instructed, as it should have been, with precision and clarity that as to the larceny charge the thief was an accomplice as a matter of law and that appellant could not be convicted unless the testimony of the thief was corroborated by such other evidence as tended to connect defendant with the commission of the crime. (Code Crim. Pro., § 399.) An entirely different rule was applicable as to the count charging the receipt of stolen property. Section 1308-a of the Penal Law provides that in such event "one who has * * * delivered such goods * * * shall not be deemed an accomplice of the person charged with receiving them, and it shall be competent for the jury to consider the testimony of the one who has * * * delivered such goods * * * notwithstanding the fact that such person may have been charged with their theft". These collective errors and omissions mandate a new trial. (Appeal from judgment of Erie County Court convicting defendant of violation of section 1308 of the Penal Law, a felony.) Present — Williams, P. J., Bastow, Goldman and Del Vecchio, JJ.