No. 21749.

R. C. STEWART A/K/A ROBERT CHESTERFIELD STEWART,
AND TOM INCERTO, A/K/A WHISKERS INCERTO *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(419 P.2d 650)

Decided October 24, 1966. Rehearing denied November 21, 1966.

1

2

SEAVY & SEAVY, for plaintiffs in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, ROBERT C. MILLER, Assistant, for defendant in error.

*In Department.*

PER CURIAM.

R. C. STEWART, also known as Robert Chesterfield Stewart, Tom Incerto, also known as Whiskers Incerto, and Budgie Giambalvo, also known as Blackie Giambalvo, were each convicted of the crimes of abortion and of conspiring to procure an abortion. They were

sentenced as provided by law. Only Stewart and Incerto are now before this Court. On a writ of error they maintain the trial court committed reversible errors in a number of its rulings. The plaintiffs in error will be referred to as Stewart or Incerto.

In a pretrial motion filed by Incerto and Giambalvo it was alleged that Stewart had made a written statement implicating them in the crimes charged; that the statements were made out of the presence of Incerto and Giambalvo and were therefore inadmissible as to them; and that they asked for a severence, and a separate trial from Stewart. The trial court denied the motion.

During the trial the written statement of Stewart was offered as an exhibit. At a hearing *in camera*, the trial court caused the names of Incerto and Giambalvo to be obliterated from Stewart's written statement and admitted the statement in evidence over the objection of the defendants. Incerto urges that the trial court erred in overruling his motion for separate trial, and further erred in admitting the partially deleted statement of his co-defendant Stewart, at the trial. He takes the position that Rule 14, Colo. R. Crim. P. sustains him in both instances. Rule 14, in part, is as follows:

"* * * upon motion any defendant shall be granted a separate trial as of right if the court finds that the prosecution probably will present against a joint defendant evidence, other than reputation or character testimony, which would not be admissible in a separate trial of the moving defendant."

When one is tried as an accessory to the crime, as a prerequisite to his conviction, it is necessary to prove the guilt of the principal. A confession made by the principal, out of the presence of the accessory, is admissible at the accessory's trial, not as evidence against the accessory but to establish the guilt of the principal, provided the jury is properly instructed as to this limited purpose. If the principal's statement implicates the

accessory, that portion of the statement is not admissible, and only the portion that pertains to the principal's guilt may be admitted in evidence. *McKenna v. People,* 124 Colo. 112, 235 P.2d 351; *Miller v. People,* 98 Colo. 249, 55 P.2d 320; *Mulligan v. People,* 68 Colo. 17, 189 Pac. 5, (a case which has been denominated a landmark decision in Colorado law).

 Incerto was charged in the information as a principal. He was tried as an accessory to an abortion allegedly performed by Stewart. References to Incerto were carefully and completely deleted from the written statement. The jury was instructed that such written statement was to be considered solely for the purpose of determining the guilt or innocence of the defendant Stewart. In a separate trial of Incerto alone, the questioned statement, under such a limiting instruction, would have been admissible on the issue of the guilt of the principal Stewart. Accordingly, we hold that Rule 14, by its very terms, did not require a separate trial; and, under such circumstances, there was therefore no reversible error in the denial of the motion for severance and the denial of the later motion to suppress the statement when it was offered in evidence at the trial.

 Stewart challenges the admissibility of his above mentioned pre-trial statement, as deleted. He contends that he is entitled to have the statement admitted in its original form and content, and cites *McRae v. People,* 131 Colo. 305, 311, 281 P.2d 153, 156, and additional cases from other jurisdictions. This Court, in *McRae,* held that a written or oral confession made by the defendant in a criminal case that is found to be admissible in evidence, is admissible as an entire statement, *including the parts thereof which are favorable as well as the parts which are unfavorable to the party offering them in evidence.* The facts in *McRae* are clearly distinguishable from those in this case. In *McRae,* objection was made that the defendant's voluntary statement included the fact that he had been an inmate of the state peni-

tentiary; and there, the defendant complained because a deletion had not been made. It would be difficult to perceive how the deletions in Stewart's statement would be to his prejudice; such did not deny him the benefit of explanation, and did not tend to be accusatory, exculpatory or palliative with respect to himself. Nor did the exclusion make the statement unintelligible or misleading. No prejudicial error to Stewart has been shown by reason of the deletions.

It was also contended by Stewart and Incerto that certain items admitted into evidence were the result of illegal search and seizure. The facts in this case show otherwise.

On July 31, 1964, a search warrant was issued to search 508 W. 13th, Pueblo, Colorado, or the person of R. C. Stewart for a rubber tube, syringe, white gown, vaginal expansion clamps and devices, Luenbach drug, and abortive solutions. The affidavit of one Ben Williams stated he had reason to believe that the above named items were on the described premises, or on the person of R. C. Stewart; that the property had been used as a means of committing a criminal offense and would be material elements in a subsequent criminal prosecution. The facts that gave rise to Mr. Williams' belief were "positive statement of victim, upon whom the above items were used, at the above described address, 508 W. 13th, Pueblo, Colorado." The search warrant commanded "the search of the place or person named therein, at any time." The search was made in the early morning (nighttime) of July 31st and the officers conducting the search found and took into possession most of the items described in the search warrant.

The trial court denied Stewart's motion to suppress the evidence obtained by the foregoing search warrant and such evidence was introduced at the trial. Stewart urges that the affidavit in support of the search warrant was not sufficiently positive under Rule 41 (c), Colo. R. Crim. P. to justify a nighttime search; and further, that

the trial court committed reversible error in receiving in evidence the fruits of the search, to-wit: hospital gown, dilator (spectrum), 7" cylindrical tube with glass vial, metallic tube containing substance in a grease base, all of which were the identical items named and described in the affidavit for the search warrant, and in the search warrant, although there was a misnomer of the substance or drug inside the tube, Exhibit D. Rule 41 (c), Colo. R. Crim. P. provides:

"* * * The warrant shall direct that it be served in the daytime, but if the affidavits are *positive* that the property is on the person or in the place to be searched, the warrant may direct that it be served at any time. * * *" (Emphasis supplied.)

█ In determining the meaning of "positive" as used in Rule 41 (c) it is relevant to consider that most, if not all, the property claimed to have been used in the operation and described in the affidavit and in the search warrant were found at the "place to be searched," as the "positive statement of the victim" had described the items and the location, and upon which the affiant relied for his "positive" attitude. Other jurisdictions have considered this question. In *United States v. Daniels*, 10 F.R.D. 225, 228, the court construed the term positive as used in search warrants, in the following language:

"It is our opinion that the rule requires nothing more than an explicit statement, supported by positive evidence, as distinguished from negative evidence, 'that the property is in the place to be searched.' The explicit statement may not rest upon inferences drawn from the absence of evidence. The rule requires averments of fact sufficiently persuasive to support a reasonable inference that the property is in. fact on the premises. A more rigid construction would require proof beyond a reasonable doubt that the property is in the place to be searched. Such a construction would enable the criminal to completely conceal an illegal enterprise

behind an insurmountable barrier, provided, of course, he pursued it only at night. * * *"

Also pertinent is the language used in *United States v. Tolomeo*, 52 F. Supp. 737, 738:

"* * * Counsel for the defendant contends that under the term [positive] no night search can be authorized upon an affidavit made upon information and belief. The court does not agree with this contention. If personal knowledge of the affiant is required few search warrants would authorize a night search (which, after all, is a desirable practice). The statute does require a direct, explicit declaration in the affidavit that the property, the object of the search, is on the property to be searched. * * *"

█ In considering this precise question in the case of *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684, the Supreme Court of the United States admonished that in reviewing affidavits made in support of applications for search warrants court should not give them unduly technical and restrictive reading, but such must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion; it said:

"These decisions reflect the recognition that the Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. *A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting."* (Emphasis supplied.)

See also *Lavato v. People,* 159 Colo. 223, 411 P.2d 328 and *Gonzales v. People,* 156 Colo. 252, 398 P.2d 236.

█ We hold that the affidavit of Ben J. Williams in the application for a search warrant for the property and at the location named therein justified the execution of the search warrant "at any time" within the meaning of Rule 41 (c), Colo. R. Crim. P. The search warrant and the search and seizure under its authority were legal and valid and the property described in the warrant and the items of property seized thereunder were properly admitted into evidence.

█ Stewart also maintains that the evidence fails to establish a conspiracy involving him with anyone; that there is no evidence in the record as to any conversation or meeting between Stewart and any other person in furtherance of a conspiracy. It is not necessary to show a meeting or an agreement in words or writing between co-conspirators, or principal and accessories to commit the crime charged, in order to prove conspiracy. Such may be established by inferences from other facts and circumstances proved in the case. *Abeyta v. People,* 156 Colo. 440, 400 P.2d 431. The sufficiency of the testimony is for the jury to determine. Without belaboring the questions, we are convinced that there is ample evidence in this record to sustain the verdicts. *Abeyta v. People, supra; McKenna v. People, supra; Bacino v. People,* 104 Colo. 229, 90 P.2d 5; *Mulligan v. People, supra.*

We have carefully examined defendants' other assignments but find no reversible errors; to treat such further alleged errors would produce no beneficial effect and would unnecessarily lengthen this opinion.

The judgments against plaintiffs in error, R. C. Stewart and Tom Incerto, are affirmed.

MR. JUSTICE MCWILLIAMS, MR. JUSTICE PRINGLE and MR. JUSTICE SCHAUER concur.