Opinion by
Mr. Justice Pringle.
Robert Carter was charged in 1964 with robbery and conspiracy to commit robbery. The case was tried to a jury, but after the jury had deliberated for some three and one-half hours without reaching a verdict, the trial *532 judge declared a mistrial and discharged the jury. In a second trial, Carter was acquitted of robbery but convicted of conspiracy. He contends here (a) that the verdicts rendered by the second jury are inconsistent and therefore void; and (b) that under the particular facts of this case, he was twice put in jeopardy. We agree that the first point raised by the plaintiff in error is meritorious and requires reversal of the judgment in this case. It is therefore unnecessary to reach the second contention.
In Robles v. People, 160 Colo. 297, 417 P.2d 232, we held that an acquittal of a charge of robbery required the dismissal of a charge of conspiracy, where the same evidence which the jury apparently did not believe in determining the guilt or innocence of the defendant on the charge of robbery had to be believed by the jury in order to convict him of conspiracy. We followed Robles in People v. Way, 165 Colo. 161, 437 P.2d 535, where a jury had similarly acquitted the defendant of robbery but found him guilty of conspiracy. The rule of the Robles case also requires the dismissal of the conspiracy charge in the present case.
The record reflects that two witnesses identified Carter as one of two men who robbed a Safeway store. The store manager testified that he observed the robbery from a distance of one hundred feet through a two-way mirror, and notified the police while it was in progress. Then he left through the rear of the store and walked around outside to a point from which he could observe the store front from a distance of about seventy-five feet. According to his testimony, the two men left the front of the store and walked up an alley. Meanwhile, a police car responded to the manager’s call, and the manager told the officer that they were going “east off Colorado Boulevard.” A block away the officer spotted an old Pontiac “speeding very fast” down a nearby street, and began pursuit. Five blocks away the car crashed, and Carter was later found hiding nearby under a tarpaulin. *533 The police testified that a .22 caliber automatic was found near Carter at the time of his arrest. Carter denied that he had a pistol when he was arrested. The pistol was not offered in evidence at the trial, the police testifying that it was apparently lost within the police department sometime prior to trial. The assistant manager also identified Carter as one of the two men involved, but added that it was possible that he had seen Carter in the store as a customer.
The foregoing testimony apparently left doubt in the minds of the jurors whether Carter was in fact involved in the robbery. Defense counsel stressed the gap between the testimony that the two men were walking up an alley and the officer’s testimony that he was told the two men were (apparently in a car) going “east off Colorado Boulevard.” After the jury had deliberated for a day, the trial court gave them an “Additional Instruction” which noted that their deliberations had been “unusually prolonged without an agreement being reached,” and further reminded them of their duty to decide the case. The jury thereafter acquitted Carter of robbery, but found him guilty of the charge of conspiracy. In a note which, according to the remarks of the trial judge was with the verdict, the jury recommended leniency with respect to the second count.
The verdict here is prohibited by the rule of the Robles case. The jury had apparently rejected the only evidence tending to prove that Carter was guilty of robbery. As pointed out by the District Attorney in his argument to the trial court in opposition to the motion for acquittal, the evidence of conspiracy here was that two people were acting in concert for a common cause. There was no other independent evidence to establish a conspiracy. Since the jury found that Carter was not guilty of robbery and since the only evidence of conspiracy was that he participated in the robbery, the verdict on the charge of conspiracy cannot stand. People v. Way, supra; Robles v. People, supra.
*534 The judgment is reversed and the matter remanded to the district court with directions to dismiss the conspiracy charge.
Mr. Chief Justice McWilliams, Mr. Justice Kelley and Mr. Justice Groves concur.