Argued June 22, affirmed in part; reversed in part July 27,
petition for rehearing denied August 23, petition
for review denied November 14, 1972

STATE OF OREGON, *Respondent, v.* WALTER
SCHOENE, Jr. (No. C-71-03-0960),
*Appellant.*

499 P2d 834

*Oscar D. Howlett,* Portland, argued the cause and filed the brief for appellant.

*John H. Clough,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C.J.

Defendant, upon trial without a jury, was found guilty of all charges in a three-count indictment, and given identical sentences to run concurrently on each of the three convictions. The indictment charged defendant and five other persons in three counts: Count I—conspiracy to commit a felony and, to effect the object of the conspiracy, committing the overt act of stealing a 1968 Mack tractor-truck; Count II—larceny by stealing the tractor-truck described in Count I; and Count III—receiving and concealing stolen property —the tractor-truck described in Count I.

On appeal he argues: (1) that the evidence was insufficient to support a finding of guilty on any of

the three charges, and (2) that even if the evidence supported a finding of guilt on all three, the charges and the evidence were such that they support conviction and punishment for only one of them.

■ ■ There is ample evidence that the defendant participated with the others named in the indictment in making arrangements to steal a truck containing the type of engine the defendant desired; that certain of the defendants did thereafter steal such a truck (the one named in the indictment); and that the defendant thereafter got possession of the engine from the truck. We cannot tell from the defendant's brief on what basis he contends that there is not sufficient evidence to prove conspiracy or receiving and concealing. His argument as to the larceny seems to be that he was not physically present at the time of the taking. Such presence is not required. Former ORS 161.220 provided that all persons concerned in the commission of a crime are principals whether or not they are present. We find no merit to the sufficiency-of-the-evidence issue.

■ We turn now to defendant's second proposition —that although the evidence may prove him guilty of all charges he can be convicted and sentenced on only one. The facts are that when the defendant told his co-conspirators of the type of truck engine he wanted and accordingly, what type of truck they would have to steal, they apparently did not fully understand, because they first stole a truck containing the wrong kind of engine. When the co-conspirators advised the defendant of what kind of truck they had obtained, he told them he could not use it. They then abandoned it. The state contends that even if the theft of the single truck described in the indictment did not support con-

viction and sentencing for both conspiracy and larceny, the prior theft of the wrong truck constituted an overt act which completed the crime of conspiracy, thus justifying separate conviction and sentencing on the conspiracy charge. This might be true if evidence of the theft of the first truck was admissible as the overt act which made the conspiratorial arrangements among the defendants a crime. We hold that it was not admissible for that purpose.

■ One test of whether a variance between pleading and proof is material is whether the variance is of a character which could have misled the defendant at trial. 5 Wharton, Criminal Law and Procedure 202-03, § 2056 (Anderson 1957). The conversations between the defendants did not become a criminal conspiracy until the first step was taken—an overt act committed in furtherance of the conspiratorial arrangement. Therefore, the essence of the conspiracy charge, so far as defendant was informed by the indictment, was that he participated in the theft of a Mack tractor-truck.

■ The defendant here has far more reason to complain about being misled if at trial he is required to defend against stealing a different truck from a different place at a different time than the defendant in *State v. Russell,* 231 Or 317, 372 P2d 770 (1962). In *Russell* the Supreme Court set aside a conviction in which the defendant was charged with stealing a yearling heifer and the proof was that he stole a steer calf. It follows that the defendant can be convicted and punished for the separate crimes of conspiracy, larceny and receiving and concealing stolen property only if his participation in the theft of the single truck named in the indictment can be said to support three separate convictions. *State v. Carlton,* 233 Or 296, 378

P2d 557 (1963), tells us, citing *Milanovich v. United States,* 365 US 551, 81 S Ct 728, 5 L Ed 2d 773 (1961), and *People v. Daghita,* 301 NY 223, 93 NE2d 649 (1950), that a person cannot be convicted of both larceny and receiving and concealing the same property he had stolen. *State v. Woolard,* 259 Or 232, 484 P2d 314 (1971), as *clarified on petition for rehearing,* 485 P2d 1194 (1971), citing *Prince v. United States,* 352 US 322, 77 S Ct 403, 1 L Ed 2d 370 (1957), tells us that we must look to legislative intent in determining whether or not a defendant can be convicted of more than one offense arising out of the same course of conduct. We find it impossible to envision that the legislature intended that when a man participates in the theft of a single item in a manner which would justify charging him under any one of three criminal statutes, he be found guilty of and punished for three separate crimes. It follows that under the rationale of *Woolard* only the conviction and sentence for the most serious offense may be affirmed.

Conspiracy to commit a felony, former ORS 161.320, carried a maximum sentence of three years' imprisonment; larceny, former ORS 164.310, carried a maximum sentence of 10 years' imprisonment; and receiving and concealing stolen property, former ORS 165.045, carried a maximum sentence of five years' imprisonment.

The convictions and sentences of the defendant for the crimes of conspiracy to commit a felony and receiving and concealing stolen property are vacated. The conviction and sentence for larceny is affirmed.