## No. 24653

### Jerry Young, a/k/a Joe Lee West, a/k/a Al Green v. The People of the State of Colorado
(502 P.2d 81)

Decided October 24, 1972.

Rollie R. Rogers, State Public Defender, Hubert T.

Morrow II, Deputy, Truman E. Coles, Assistant, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is a companion case to *Constantine v. People,* 178 Colo. 16, 495 P.2d 208. Young and Constantine were charged and tried jointly with unnatural carnal copulation and conspiracy to commit the same. A third individual was charged with the same offenses, but he was not tried. He testified for the People. The cases of the two defendants were severed for purposes of appeal. We discern no error and therefore affirm.

## I.

The issues on appeal here have commonality with only one of the issues in *Constantine* — the validity of the in-court identification of the defendant by the victim. What was said in *Constantine* applies here and there is no need to review either the arguments, or the disposition by this court.

## II.
### Jury Instructions

The defendant contends that Instruction 16, given by the court, relating to conspiracy, is deficient in that it failed to set forth the essentiality of "the agreement" as an element. Instruction 16, together with Instructions 15 and 17, all relating to conspiracy, are set forth:

"15. The court instructs the jury that the Statutes of the State of Colorado provide as follows:

'If any two or more persons shall conspire or agree . . . or shall agree, conspire or cooperate to do, or to aid in doing any other unlawful act, each of the persons so offending shall on conviction, in case of conspiracy to commit a felony . . .

be punished as provided by law.'

"16. A common design and unlawful purpose by two or more persons is the essence of the charge of conspiracy, and this common design and unlawful purpose must be proved in order to warrant a conviction, either by direct evidence or by proof of such circumstances as naturally tend to prove it, and sufficient in themselves to satisfy the jury of the existence of such common design beyond a reasonable doubt.

"17. The jury is instructed that one person cannot conspire by himself. In order to constitute a conspiracy, there must be active and conscious participation with a common design for the particular unlawful purpose alleged by at least two persons before the crime of conspiracy can be committed."

The elements of a conspiracy are (1) an agreement (2) between two or more persons (3) to commit a crime. *Goddard v. People,* 172 Colo. 498, 474 P.2d 210 (1970); *Marshall v. People,* 160 Colo. 323, 417 P.2d 491 (1966). The essential elements are all present in Instruction 15.

The defendant tendered an instruction (No. 8) on conspiracy which the court refused to give. This ruling is also assigned as error. Inasmuch as the given instructions contained the essential elements of conspiracy, the defendant was not prejudiced by the court's refusal to give the tendered one. *Winters v. People,* 174 Colo. 91, 482 P.2d 385 (1971).

The defendant also contends that the court should have given his tendered instruction on "sympathy" to offset the potential prejudice attendant upon the trial of a sensational homosexual rape case. The defendant cites no authority in support of his argument and we are not aware of any. The People rely solely on the presumption of the validity of a conviction. *Segura v. People,* 159 Colo. 371, 412 P.2d 227 (1966).

No prejudice to the defendant has been shown and none is apparent in the record. The defendant had the opportunity to deal with this matter of potential prejudice on the jury *voir dire.* Under the circumstances, we see no reason to disturb the trial court's ruling.

### III.

At the close of all the evidence the defendant moved for judgment of acquittal, or in the alternative for a new trial, for insufficiency of the evidence. We have reviewed the record. It appears that there was sufficient competent evidence to support the trial court's submission of the factual issues to the jury.

The judgment is affirmed.