## No. 24969

**The People of the State of Colorado v. Stanley J. Lamirato**
(504 P.2d 661)

Decided December 18, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Mellman, Mellman and Thorn, P.C., Isaac Mellman, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant Stanley Lamirato was convicted of the following six charges: burglary; conspiracy to commit burglary; theft (by taking); conspiracy to commit theft (by taking); theft (by receiving); and conspiracy to commit theft (by receiving). All six counts related to the theft of three television sets from Mid-Continent Appliance Distributors, Inc., on August 12, 1969.

The defendant received consecutive sentences on the burglary and conspiracy to commit burglary convictions. Sentences on the remaining four counts were to be served concurrently with the sentences imposed for the burglary count.

The witness Stapleton, with some corroboration, testified as to the facts contained in the following four paragraphs.

Around the first part of August, 1969, Stapleton was approached by two individuals who were attempting to sell certain stolen television sets. Stapleton called a billiard parlor and the party answering informed him that a man would meet him at Stapleton's home and purchase the sets. Subsequently, the defendant appeared at Stapleton's home and purchased the sets. Stapleton followed the defendant to his motel where the defendant stated that he would take all the color television sets that Stapleton could provide.

On August 12, 1969, Stapleton and another stole three

television sets from Mid-Continent Appliance Distributors, Inc. Stapleton then called the defendant and told him that he had three color television sets to sell. Later that same day, the defendant purchased the three sets.

On the evening of August 12, 1969, the defendant supplied Stapleton with an old truck to be used in obtaining further TV sets. The defendant also promised to supply Stapleton with legal assistance and bail if he were apprehended. On that same evening, the truck had a flat tire and the defendant instructed Stapleton to leave it at a gas station. The next day, August 13, 1969, the defendant delivered to Stapleton a rented' U-Haul truck, instructing Stapleton to abandon it if he were caught.

On August 14, Stapleton stole four additional television sets and sold them to the defendant. On August 15, using another U-Haul truck which defendant had rented that day, Stapleton and others stole television sets from one store in Boulder, Colorado, and were apprehended while attempting to steal sets from another store.

After the defendant was informed of Stapleton's arrest, he reported to the police that the U-Haul truck had been stolen. At trial, the defendant admitted that he intentionally filed a false theft report after learning of Stapleton's arrest.

## I. Sufficiency of the Evidence

■ The defendant argues that there was insufficient evidence to permit submission of all counts to the jury except Count 5, theft by receiving. The defendant states that, "as to Count 5, it may be that the evidence considered in the best light possible for the prosecution, was established . . . ." Indeed, the evidence was amply sufficient to support the conviction under Count 5.

■ As to the theft (by taking) count, the defendant was necessarily convicted as a principal through the accessory statute, C.R.S. 1963, 40-1-12. In *Miller v. People,* 92 Colo. 481, 22 P.2d 626 (1933), it was stated:

"If one agrees in advance to buy stolen property, knowing that the property is to be stolen, he thereby encourages the perpetration of the theft, and, if the crime is committed, he

is 'deemed and considered as principal and punished accordingly.' "

There was evidence presented at trial to the effect that the defendant had stated, prior to the theft on August 12, 1969, that he would take all the color television sets Stapleton could provide. Further, there was evidence from which a jury could properly infer that the defendant knew that the television sets would be stolen. Thus the evidence was sufficient to permit submission of the theft (by taking) count to the jury, it being properly instructed as to an accessory becoming liable as a principal.

■ The People have not specifically discussed the sufficiency of the evidence in relation to the burglary conviction but have suggested that it was sufficient. Although the evidence would warrant submission of the theft (by taking) count to the jury under the rule established in *Miller v. People, supra,* we do not believe that rule should be extended to permit submission of the burglary count under the facts of this case.

The record did not disclose that the defendant was informed that burglaries would be committed. It is conceivable that Stapleton might have obtained sets by theft without commission of a burglary. The People have cited no case, and we have been unable to locate any case, which supports a burglary conviction on the basis of the evidence presented here. We therefore reverse the defendant's burglary conviction and, for similar reasons, the defendant's conviction of conspiracy to commit burglary. *Carter v. People,* 169 Colo. 531, 458 P.2d 236 (1969).

■ The elements of a conspiracy were recently set forth in *Young v. People,* 180 Colo. 62, 502 P.2d 81 (1972) as follows: "(1) an agreement (2) between two or more persons (3) to commit a crime." On each of these elements, the People presented sufficient evidence from which a jury could find that the defendant conspired to commit theft (by taking) and theft (by receiving).

## II. Motion to Suppress

Certain items of evidence were seized under a search

warrant. The affidavit upon which the search warrant was predicated disclosed that Stapleton had told the affiant (who executed the warrant) about how the defendant furnished him trucks. The property described in the warrant consisted of several specifically described television sets, as well as "all papers, receipts or ledgers tending to establish disposition" of such TV sets. The defendant moved to suppress property seized pursuant to the warrant and the trial court denied the motion. On this appeal, the sole error urged by the defendant in this regard is that two of the items seized had nothing to do with the dispqsition of the stolen property. These two items were: (1) a receipt for payment of U-Haul truck rental charges incurred and paid by the defendant when he rented a U-Haul truck on August 13, 1969, and returned the truck on August 14, 1969; and (2) a copy of a rental contract on a U-Haul truck entered into by the defendant on August 15, 1969.

 Search warrants are to be tested and interpreted in a "common sense and realistic fashion." *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *People v. Schmidt*, 172 Colo. 285, 473 P.2d 698 (1970); and see *Stewart v. People*, 161 Colo. 1, 419 P.2d 650 (1966). Under the facts here, the receipts and rental contracts pertaining to the trucks — which were to be used for transportation of stolen goods — were sufficiently within the warrant description.

### III. Motion to Elect

At the close of the People's evidence, the defendant made a general motion to require the People to elect among the counts. The motion was denied and the defendant now urges that the People should have been required to elect between the theft (by taking) and theft (by receiving) counts. The People indicated during oral argument of this case, and we agree, that the defendant could not be convicted on both charges.

 This court has stated on at least two occasions that when one has actively participated in a larceny he cannot be charged with receiving goods there stolen. *Burns v. People,*

148 Colo. 245, 365 P.2d 698 (1961); and *People v. Spinuzza,* 99 Colo. 303, 62 P.2d 471 (1936). *See* Annot., 136 A.L.R. 1087. We follow the rule that one who is a principal to larceny *by reason of being an accessory* and who purchases the fruits of that larceny knowing them to be stolen can be convicted under *either* of the offenses of larceny or receiving stolen goods. The cases which so rule also hold, as do we, that the person cannot be convicted of *both* offenses. *Glass v. United States,* 351 F.2d 678 (10th Cir. 1965); *State v. Schoene,* 10 Or. App. 390, 499 P.2d 834 (1972); and *People v. Sparks,* 24 App. Div. 2d 538, 261 N.Y.S.2d 506 (1965).

 Although the defendant was properly charged in separate counts with theft (by taking), conspiracy to commit theft (by taking), theft (by receiving) and conspiracy to commit theft (by receiving), and although there was sufficient evidence to support conviction on each of the counts, the trial court should have taken one of two courses: It could have required the People to elect between the theft (by taking) and related conspiracy count on the one hand and the theft (by receiving) and related conspiracy count on the other. Or it could have instructed the jury that it could find the defendant guilty of theft (by taking) or theft (by receiving), but not both, and, if it found the defendant guilty of one theft count, it might find him guilty of the related conspiracy count but not the other conspiracy count. *See Small v. People,* 173 Colo. 304, 479 P.2d 386 (1970) and *Peters v. People,* 151 Colo. 35, 376 P.2d 170 (1962).

 There is no necessity to remand this case for a new trial. Since the objective of the defendant was to receive stolen property, the theft (by taking) and the related conspiracy convictions should be vacated and the theft (by receiving) and the accompanying conspiracy convictions should be affirmed.

### IV. Subsequent Transactions

 The defendant argues that the trial court committed prejudicial error by permitting the introduction of testimony relating to transactions or offenses occurring subsequent to the offenses for which the defendant was charged. In

particular, the defendant objects to testimony relating to the theft of certain television sets by Stapleton and others in Boulder, Colorado, on August 15, 1969, three days after the thefts from Mid-Continent Appliance Distributors, Inc.

Generally, evidence of separate and distinct criminal transactions is inadmissible. *Clews v. People,* 151 Colo. 219, 377 P.2d 125 (1962). However, the exception to this rule, which was properly applied here, is that evidence of similar transactions is admissible for the purpose of showing plan, scheme, design, intent or guilty knowledge. *Kennard v. People,* 171 Colo. 194, 465 P.2d 509 (1970). The procedural requirements of *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959) were scrupulously followed by the People and the trial court.

### V. Other Assignments

The remaining assignments of error are without merit.

The convictions of theft (by receiving) and conspiracy to commit that type of theft are affirmed, except that the trial court may resentence the defendant as to those convictions. The remaining convictions are reversed with directions to sustain the defendant's motions for acquittal as to them. The case is remanded for these purposes.

Judgment accordingly.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY specially concur.

MR. JUSTICE KELLEY, specially concurring:

Under Part III of the court's opinion, we hold that one who is a principal to larceny *by reason of being an accessory* and who purchases the fruits of that larceny knowing them to be stolen may be convicted of either theft (by taking) or theft (by receiving), but that he cannot be convicted and sentenced upon both counts. With this I agree. The majority of the court then lays down the course to be followed when, at the conclusion of the evidence, it appears that there is sufficient evidence to support a conviction on each of the charges. It says that the court may (1) instruct the jury so as to obviate the double conviction or (2) require the district

attorney to elect as to whether the theft (by taking) count or the theft (by receiving) count shall be submitted to the jury.

This court then, on its own motion, vacates the convictions based on the theft (by taking) counts, allowing the convictions on the theft (by receiving counts) to stand and then, remands the case to the court for resentencing. With this I disagree.

I agree that there should not be a new trial, which would be necessary to employ the first alternative of allowing the jury to decide whether the conviction should be for the theft (by taking) or (by receiving).

The second alternative was to require the district attorney to elect. I would employ this alternative, albeit, it is after judgment has been entered on the verdicts. The election as to counts on which sentence should be imposed is not properly the function of this court.

MR. CHIEF JUSTICE PRINGLE authorizes me to say that he concurs in the views hereinabove expressed.