## No. 25302

### The People of the State of Colorado v. Les Dowell
(510 P.2d 436)

Decided May 29, 1973.

12

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Lee Belstock, Deputy, Kenneth J. Russell, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE GROVES.

The defendant was charged by indictment with conspiracy to do an unlawful act, "namely, a felony, which felony was the crime of dispensing dangerous drugs, namely, amphetamines, a/k/a speed; [i]n violation of Colorado Revised Statutes 1963, as amended 48-8-10 and 40-7-35, Conspiracy to Dispense Dangerous Drugs. . . ." The date of the alleged conspiracy was January 14, 1971. He was found guilty as charged. We reverse.

The evidence presented by the People tended to prove that the defendant and another agreed to arrange for an undercover agent to purchase one pound of "speed" from another person in California. The uncontradicted evidence further indicated that either the defendant or his partner were to

accompany the agent to California to obtain the "speed." The transaction proceeded no further. There was no evidence in the record to indicate whether the agent would have paid the defendant for the "speed" in Colorado or in California.

■■■ The three elements necessary to prove a conspiracy are: (1) an agreement, combination or confederation, (2) between two or more persons, (3) to accomplish an unlawful purpose which must amount to a crime. *People v. Lamirato,* 180 Colo. 250, 504 P.2d 661 (1972); *Young v. People,* 180 Colo. 62, 502 P.2d 81 (1972); and *Marshall v. People,* 160 Colo. 323, 417 P.2d 491 (1966). Since the charge was laid under a Colorado statute, this means that it must amount to a Colorado crime.

■■ In essence, the indictment charged the defendant with conspiring to dispense dangerous drugs in violation of a specific Colorado statute. 1969 Perm. Supp., C.R.S. 1963, 48-8-1 defines the term "dispense" as "sale, delivery, giving away, or supplying in any other manner, or otherwise disposing of, to another person." The trial court instructed the jury that a "sale", as used in the above definition, can be made in one state even if delivery is to be in another state. While we do not necessarily disagree with the trial court's instruction, we do believe that the statute requires that something more than merely an offer to sell take place in Colorado. As stated previously, there was no evidence to indicate that the agent was to pay for the "speed" in Colorado and there was uncontradicted evidence that the actual delivery was to take place in California. Thus, had the agreement been consummated, we do not believe the defendant could have been convicted of the substantive offense of dispensing dangerous drugs in violation of the Colorado statute.

It is unnecessary for us to pass on the question of whether, if there had been an agreement to have payment made in Colorado, the conviction could be upheld. In other words, if payment had been made in Colorado and delivery taken in California, would this amount to dispensing in violation of the Colorado statute?

The People argue that dispensing dangerous drugs is unlawful in California and thus the defendant did conspire to commit an unlawful act. The indictment, however, specifically charges the defendant with conspiring to dispense dangerous drugs in violation of a specific Colorado statute. In *Sawyer v. People,* 173 Colo. 351, 478 P.2d 672 (1970), the court stated as follows:

"When an indictment or information specifically states, as it does here, that a particular statute has been violated, that statement becomes a material allegation."

Further, in *Casadas v. People,* 134 Colo. 244, 304 P.2d 626 (1956), the court held that:

"Where a count of an information in a criminal case identifies with particularity the exact section of the statute upon which a prosecution is based, as in the instant case, no other statute can be substituted for the one actually selected as forming the subject matter of the prosecution."

The defendant was charged specifically with conspiring to dispense dangerous drugs in violation of a Colorado statute and the proof at trial did not support the charge. We are not presented here with the more difficult question of whether the defendant could have been charged in Colorado with a conspiracy to dispense dangerous drugs in violation of a California statute or in violation of both California and Colorado statutes. We would point out, however, that 1971 Perm. Supp., C.R.S. 1963, 40-1-201(1)(d), which took effect on July 1, 1972, and which is not applicable here, provides that:

"A person is subject to prosecution in this state for an offense which he commits, by his own conduct or that of another for which he is legally accountable, if: . . .

"(d) The conduct within the state constitutes an attempt, solicitation, or conspiracy to commit in another jurisdiction an offense prohibited under the laws of this state and such other jurisdiction."

The judgment is reversed and the cause remanded to the district court with directions to vacate the judgment and grant defendant's motion for judgment of acquittal.

MR. JUSTICE KELLEY, MR. JUSTICE DAY and MR. JUSTICE HODGES concur.