## No. 25826

### The People of the State of Colorado v. Eugene Shook
(527 P.2d 815)

Decided October 21, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Kenneth J. Russell, Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant was found guilty by a jury of conspiracy to commit forgery and he was sentenced to a term in the penitentiary. On this appeal, defendant contends that the trial court erred in not complying with his request to replace the attorney previously appointed by the court to represent him. He also contends that the trial court erred in not appointing new counsel to represent him at the hearing on his *pro se* motion for a new trial. These contentions, and the defendant's assertion that the jury's verdict is not supported by the evidence, are without merit, and the trial court's judgment is therefore affirmed.

Defendant, who resided at Craig, Colorado, acquired a printing press which he and one Werner Knoepschen used to print false social security cards, draft classification cards, and insurance certificates. They also printed blank checks and used a check protector to fill in the amounts of the checks. Names of fictitious payees were apparently typed in by defendant and Knoepschen to correspond with the false identification material. Knoepschen testified that on May 19, 1972, Shook drove to Denver to find a person to pass the checks which they had printed. The following day he returned to Craig and told Knoepschen that he had found a customer. The checks were to be sold to the customer for ten per cent of their face value.

Defendant, on a subsequent trip to Denver, met with three persons who agreed to pass the bogus checks. Donald E. Shepherd was an agent for the Colorado Bureau of Investigation, working in an undercover capacity with Donald Priest, an informer for the Colorado Bureau of Investigation. Priest introduced Shepherd to Bernard Alexander who introduced Shepherd to Shook, the defendant. At the meeting, Shepherd, Priest and Alexander agreed with defendant to pass the checks, which were to be picked up Friday, May 26th at Craig.

When Shepherd showed up at defendant's apartment in Craig on the appointed date, the checks were not ready. He

left, and later returned with Priest and Alexander. At this meeting, defendant suggested those businesses which might be the easiest places to pass the checks. After Shepherd gave the defendant $200 of marked state money and received the checks, other agents arrived at the scene and arrested the participants.

On May 30, 1972, an attorney was appointed to represent the defendant, an indigent. At a hearing on August 11th, the defendant informed the trial court that he had engaged the services of an attorney, and requested that his appointed counsel be dismissed. The trial court advised the defendant that when retained counsel entered an appearance, the appointed attorney would be dismissed.

In a letter to the trial judge dated August 16, 1972, the defendant informed the court that he would be unable to employ an attorney, but that he did not wish to be represented by the attorney previously appointed.

In this letter, defendant indicated a feeling on his part that the court appointed attorney was not acting in his best interest but gave no specific example or ground which would indicate this. In this same letter, he stated that he was filing a *pro se* motion for a change of venue. From the trial court's transcript, the statements of court and counsel at the commencement of trial indicate a situation in which defendant may have disagreed with his counsel's advice not to move for a change of venue. The trial court denied the motion as being without merit and further stated to the defendant, in obvious reference to his request for a change of attorneys, that the court had appointed an attorney at defendant's request and that the attorney, and not the defendant, would handle all matters of procedure during the trial and questions to witnesses. The court advised the defendant that if he had any questions or objections to the testimony of any witnesses, he should discuss them with his attorney, and if the questions or objections arose during actual questioning of a witness, the defendant should write his comments on a piece of paper and furnish it to his attorney. The defendant

stated that he approved of the foregoing remarks of the court and the procedure suggested.

In an undated second letter, which was apparently received by the trial judge when the trial was nearly completed, the defendant stated again that he desired the appointment of another attorney because his court-appointed attorney did not file a motion for change of venue and also permitted certain hearsay testimony to be presented at the preliminary hearing without making any objections.

## I.

The defendant contends that the trial court, in refusing to appoint other counsel for him in place of the attorney previously appointed, committed reversible error.

In the first place, it should be stated that our review of the record in this case reveals that the defendant, in all respects, received a fair trial and that he was competently represented by the court-appointed attorney. It is obvious from the facts set forth in the record regarding the defendant's request for a change of counsel that the defendant disagreed with his court-appointed attorney's advice regarding the filing of a motion for change of venue and was dissatisfied over the conduct of the preliminary hearing by his counsel.

The scope of the indigent's right to counsel has been the subject of numerous opinions by this court. The constitutional right to the assistance of counsel is not a guarantee against mistakes of strategy and judgment in the course of a trial. *Steward v. People,* 179 Colo. 31, 498 P.2d 933 (1972) and *Moore v. People,* 171 Colo. 338, 467 P.2d 50. Mere disagreement as to trial strategy does not equate with ineffective assistance of counsel. *Torres v. People,* 159 Colo. 254, 411 P.2d 10 (1966) and *Baca v. People,* 139 Colo. 111, 336 P.2d 712 (1959).

It is evident from the defendant's contentions on appeal that his claim of dissatisfaction with his court-appointed attorney emanates from a disagreement as to procedural matters and trial strategy. Procedural tactics and trial strategy are to be determined by counsel, and the fact that the

defendant was found guilty cannot of itself be a basis for a defendant's hindsight judgment that his attorney was incompetent. *See ABA, Standards of Criminal Justice Relating to the Defense Function,* § 5.2(b). *Maynes v. People,* 178 Colo. 88, 495 P.2d 551 (1972).

The defendant's right to counsel does not grant the defendant the right to select the lawyer of his choice. *Maynes v. People, supra; Valarde v. People,* 156 Colo. 375, 399 P.2d 245 (1965); *Tibbett v. Hand,* 294 F.2d 68 (10th Cir. 1961); *United States v. Birrell,* 286 F. Supp. 885 (S.D.N.Y. 1968). For these reasons, the defendant's claim of reversible error for the failure of the trial court to appoint another attorney is without merit.

II.

The defendant's contention that the trial court erred in not appointing new counsel to represent him at the hearing on his *pro se* motion for a new trial in which he alleged the incompetency of his attorney at pretrial and trial proceedings as a ground for a new trial, is factually similar to the argument raised in *Maynes v. People, supra.* In that case, this court ruled that new counsel need not be appointed to represent defendant in his motion for a new trial, although the motion was based in part on the ineffectiveness of counsel. In that case, as here, new counsel was appointed to assist the defendant in connection with the appeal. The reasoning in *Maynes v. People, supra,* is dispositive here. The trial court in denying the motion for new trial fully considered the defendant's claims of ineffective assistance of counsel, and rejected them. No error is involved in the trial court's refusal to appoint another attorney to represent the defendant at the hearing on the motion for new trial.

III.

Defendant argues that he was convicted of conspiracy to commit forgery, without any evidence that he agreed or conspired to assist in the passing of checks. Defendant Shook describes himself as an innocent printer and seller of various forms and identification cards, and labels his co-conspirators as "independent contractors." The defendant's portrayal of

himself as a nonparticipant in the conspiracy is contrary to the evidence presented against him at trial. He knew that the so-called "forms" he printed were checks, and he also participated in discussions with the buyers as to when and where they should be passed. His actions can hardly be described as those of a man who was not involved in the commission of a crime.

The testimony of an accomplice, Knoepschen, and of the undercover agent, Shepherd, supplies substantial evidence in support of the jury's verdict.

The elements of conspiracy have been defined by this court as an agreement, combination, or confederation between two or more persons to accomplish an unlawful purpose which must amount to a crime. *People v. Dowell*, 182 Colo. 11, 510 P.2d 436 (1973); *People v. Lamirato*, 180 Colo. 250, 504 P.2d 661 (1972); *Young v. People*, 180 Colo. 62, 502 P.2d 81 (1972). This record reveals that at trial considerable evidence pertaining to each of the elements of conspiracy to commit forgery was presented. *See* the forgery statute C.R.S. 1963, 40-6-1.

Judgment affirmed.