The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Samuel Lyle **WRIGHT**, Defendant-Appellant.

No. 82CA0848.

Colorado Court of Appeals, Div. III.

Feb. 9, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, E.W. Jones, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Following a jury trial, the defendant, Samuel L. Wright, was convicted of the sale of narcotic drugs and conspiracy. He was sentenced to two years imprisonment on each count, the sentences to run concurrently. He appeals and we affirm.

**I.**

Wright first argues that the trial court erred by allowing the People to file an

**1074**

amended information charging him with the sale of narcotic drugs. We disagree.

On February 2, 1981, Wright was charged with conspiracy to commit the crime of sale of narcotic drugs. In December the information was amended to add the charge of sale. On Wright's motion, the trial date of December 14 was vacated, and trial began on March 10, 1982. Wright contends the amendment violated the compulsory joinder provisions of § 18–1–408(2), C.R.S. (1978 Repl.Vol. 8). We disagree.

■ There was no violation of this provision. Indeed, because the information was amended to include the charge of sale of narcotic drugs, all offenses against Wright were "prosecuted by separate counts in a single prosecution," as required by § 18–1–408(2).

■ In addition, Crim.P. 7(e) provides for amendment of an information "as to form or substance at any time prior to trial...." Crim.P. 7(e) is to be construed liberally, *People v. Bowen*, 658 P.2d 269 (Colo.1983). It is within the trial court's discretion to permit the information to be amended, *People v. Swain*, 43 Colo.App. 343, 607 P.2d 396 (1979), and we find no abuse here. In any event, Wright's motion for continuance was granted, and he fails to demonstrate any prejudice resulting from the alleged error.

## II.

Wright next contends that the trial court erred in allowing the People's principal witness to testify, because the People had failed to disclose his prior criminal history, and because the court failed to allow Wright's attorney to impeach the witness by reference to his prior criminal activity. There was no error.

■ Section 13–90–101, C.R.S., provides that a felony conviction can be used to attack the credibility of a witness. *See also* CRE 607 and 608(b). The trial court does not have discretion to foreclose the use of such convictions to impeach a witness' testimony. *People v. Yeager*, 182 Colo. 397, 513 P.2d 1057 (1973).

■ Here, however, the trial court determined that the witness did not have a prior felony conviction within the meaning of § 13–90–101, and we agree. The court held an *in camera* hearing, during which it determined that the witness, under a different name, had received a deferred sentence for a burglary charge in Missouri in the late 1960's, and that his record was expunged after three years of probation. The court concluded that this was similar in nature to provisions of § 16–7–403, C.R.S. (1978 Repl.Vol. 8). Section 16–7–403, C.R.S. (1983 Cum.Supp.) provides that a plea of guilty previously entered shall be withdrawn and the action dismissed with prejudice upon defendant's full compliance with conditions imposed. Therefore, the court determined that the witness no longer had a viable conviction.

There is no indication in the record that the People withheld disclosure of any other prior criminal history of the witness, and this particular incident had been expunged from his record. Thus, the contention is without merit.

## III.

Wright asserts next that the trial court erred in not granting a mistrial and in allowing two witnesses to testify after it discovered that they had violated the court's sequestration order and had discussed their testimony. We disagree.

The court issued a sequestration order just prior to the commencement of the trial. The deputy district attorney did not inform his witnesses of this order, and during an afternoon recess, Wright's attorney observed a witness who had just testified for the People talking with two other potential prosecution witnesses. Minutes later, one of those two witnesses was observed talking with the deputy district attorney and a prosecutor who had tried a related case.

Wright's attorney brought the matter to the attention of the court, which then questioned Officer Blanchard, one of the potential witnesses. Blanchard indicated the witnesses had not discussed specific details

of previous testimony, but had discussed general details of the case. The court then admonished the deputy district attorney for failing to advise witnesses of the order but denied Wright's motions to prohibit Blanchard from testifying and to declare a mistrial. The court declared that the discussions had not prejudiced Wright.

"[T]he entire matter of regulating the exclusion of the witnesses from trial proceedings is within the sound discretion of the trial judge." *People v. Watkins*, 191 Colo. 440, 553 P.2d 819 (Colo.1976).

*Hampton v. People*, 171 Colo. 153, 465 P.2d 394 (1970), closely parallels this case. In *Hampton*, two prospective witnesses had conferred with a third witness outside the courtroom after a sequestration order had been invoked. Defense counsel was permitted to question the third witness, who said that potential testimony was not discussed. The court denied counsel's request to question the other two. The Supreme Court found no abuse of discretion in this ruling.

■ While we agree with the trial court that the deputy district attorney was remiss in failing to advise witnesses regarding the sequestration order, we do not find that the court abused its discretion in denying Wright's motion. After both potential witnesses had testified, Wright renewed his motion for a mistrial, and the court found that nothing prejudicial to Wright had been demonstrated as a result of the violation of the order.

## IV.

■ Finally, Wright argues the court erred in denying his motion at the conclusion of the evidence to require the People to elect between alternative means of committing the same offense, and in refusing his instructions concerning the separate and distinct charges of sale and dispensing narcotic drugs and conspiracy to commit those crimes. We disagree.

Count I charged that Wright had unlawfully and feloniously sold and dispensed a narcotic drug, in violation of § 12-22-302, and § 12-22-322(2)(b), C.R.S. (1978 Repl. Vol. 5). As then worded, § 12-22-302 provided: "It is unlawful for any person to manufacture, possess, have under his control, receive, *sell*, buy, conceal, prescribe, administer, *dispense*, or compound any narcotic drug...." (emphasis added) "Dispense" was defined as including "distribute, leave with, give away, dispose of, or deliver," § 12-22-301(7), C.R.S. (1978 Repl. Vol. 5), and "sale" was defined as including "barter, exchange, or gift, or offer thereof ..." § 12-22-301(25), C.R.S. (1978 Repl. Vol. 5) (Similar provisions are now contained in § 18-18-101, et seq., C.R.S. (1983 Cum.Supp.)).

Wright contends that the sale or dispensing of narcotic drugs are separate and distinct offenses, and that the failure to force the People to elect which offense to proceed under could have resulted in some jurors convicting on the sale of the drug, and others on the dispensing of the drug. We do not agree.

Section 12-22-302 lists several alternative means of committing the crime of unlawful possession of a narcotic drug, and those alternatives are similar in nature and include the methods charged, *i.e.*, selling or dispensing a narcotic drug. Under such circumstances, the language in *People v. Noble*, 635 P.2d 203 (Colo.1981) is pertinent: "As charged, the crime ... does not involve alternative forms of culpability or conduct which are so discrete and independent that, as a practical matter, a verdict of guilty to one alternative reasonably could be interpreted as exclusive of the other." A person could "give away" a narcotic drug, for example, as well as make a "gift" of it, in the same act.

In addition, the jury was instructed on the requirement of a unanimous verdict and "the record discloses ample evidence to support a guilty verdict on either or both methods of committing the offense." *People v. Noble, supra.*

Wright's reliance on *People v. Lamirato*, 180 Colo. 250, 504 P.2d 661 (Colo.1972) and *People v. Estorga*, 200 Colo. 78, 612 P.2d 520 (Colo.1980) is misplaced. In *Lamirato*,

the People charged defendant with theft by taking and theft by receiving in *separate counts.* The Supreme Court noted that defendant could not have been convicted of both counts. Here, Wright was charged with alternative means within a single count, not with distinct offenses of selling and dispensing in separate counts. In *Estorga,* evidence was presented that the defendant indulged in various sexual acts with a child. The Supreme Court held that the People were required to select the transaction on which they intended to rely for a conviction. Here, evidence was presented regarding a single cocaine transaction.

The judgment is affirmed.

VAN CISE and METZGER, JJ., concur.