## No. 9083.

## CAPP v. THE PEOPLE EX REL.

1. EVIDENCE—*Judicial Notice,* taken that the term of a former appointee to public office has expired.

   Not taken of the Journals of the General Assembly.

2. STATUTES—*Legislative Journals,* will not be considered in the construction of a statute unless pleaded and proved.

3. —— *Construction—Clerical Errors.* The courts have power to correct manifest errors in a statute in order to give the enactment its evident meaning.

   Inasmuch as the proviso to sec. 26 of c. 51 of the Laws of 1915, read literally, is without meaning, the section numbered "2" in the statute is to be read "11."

4. CIVIL SERVICE—*Warden of Penitentiary.* Under c. 51 of the Acts of 1915 the office of warden of the penitentiary is not in the classified service. The Governor has power to remove the incumbent, without consent of the Civil Service Commission.

5. —— *Appointment to Office—Legality—Who May Question.* One wrongfully holding a public office will not be heard to object that the one contesting his right was appointed for an excessive term.

6. ABATEMENT—*Prior Action Pending,* is no plea where the first action is discontinued before the trial of the second.

7. QUO WARRANTO—*Salary of the Office.* The right to the official salary is to be determined in other proceedings.

*Error to Chaffee District Court, Hon. James L. Cooper, Judge.*

*En Banc.*

Mr. G. K. HARTENSTEIN and Mr. HARRY L. MCGINNIS, for plaintiff in error.

Mr. GILBERT A. WALKER and Mr. FRANK SWANCARA, for defendant in error.

Opinion by Mr. Justice Teller.

THIS is an action under Chapter 27 of the Code to try the right of plaintiff in error to the office of Warden of the State Reformatory at Buena Vista.

The complaint alleged that on the 27th of June, 1916, Governor Carlson, after a hearing duly had upon charges theretofore filed, removed said Capp from said office and

appointed and commissioned one R. L. Shaw thereto; that Shaw thereafter filed with the Secretary of State his oath of office and bond as such warden of said reformatory; and that said Capp was unlawfully holding said office. There was a second cause of action stated, to which a demurrer was interposed and sustained. A demurrer to the first cause of action alleged that the said office was under the protection of the Civil Service Law, and that the appointment of Shaw was void because not made by and with the consent of the Senate.

This demurrer was overruled, and the respondent filed an answer denying the right of the Governor to remove him, and asserting the invalidity of Shaw's appointment.

The answer also alleged that there was another action pending for the same cause of action, and that the respondent was appointed to said office upon a competitive examination under the Civil Service Law, etc.; that said appointment was made prior to the enactment of the Civil Service Law of 1916, under the provisions of which said office was continued under the protection of said law, because of which fact an incumbent of said office can be removed only by the Civil Service Commission.

On the trial of the issues thus raised, the court found for the relator, and entered judgment of ouster against Capp, and adjudged Shaw to have been entitled to said office since July 3, 1916.

The question whether or not the office is within the classified service under Chapter 51 of the Laws of 1915 depends upon the construction placed upon Section 26 thereof. It provides:

"That nothing in this act shall be construed to remove from the protection of the civil service any officer or employee in the service of the state at the time this act shall become effective, and who shall have previously been appointed to his present position as the result of a competitive examination, unless such officer or employee be holding a position which is exempt from the classified civil service by Section 2 of this act."

Said Section 2 provides for the appointment of a Civil Service Commission, their tenure of office, etc., but makes no mention of exemptions from the classified service. Section 11 provides that all appointive officers and employees shall be included in the classified service, except a considerable number of officers therein specified. Plaintiff in error relies upon a literal reading of the statute, while defendant in error insists that it is plain from the whole act that section 11 was intended when section 2 was named in section 26.

It is contended that the journals of the House and the Senate show that the act is identical with the bill as it appeared in its various stages through the Assembly; but that fact does not appear in the record, and hence it is not before us. It is not incumbent on us to consider it unless the fact has been pleaded and established by evidence. *People v. Ramer*, 61 Colo. 422, 158 Pac. 146; *Harrison v. The People*, 57 Colo. 137, 140 Pac. 203.

To construe the statute as it reads is to render the proviso in section 26 meaningless, while a consideration of the act as a whole readily suggests that a mistake was made, the Arabic numeral 11 being taken to be the Roman characters (II) for the numeral 2.

The power of courts to correct evident errors in words or figures so as to give to an act its manifest meaning is well settled. 36 Cyc. 1126; End. Interp. Stats. 309; Suth. Stat. Const. Sec. 260. In *State v. Cross*, 44 W. Va. 315, 29 S. E. 527, an act amending section 2 of a chapter of the Code was held from the context to mean section 11, precisely as it is contended should be done in this case. Thus read, the law gives effect to the plain intent of the legislature, and it should, therefore, be so read.

We are of the opinion, therefore, that the office is not within the classified service under the act of 1915, and consequently the Governor had power to remove the incumbent without the consent of the Civil Service Commission.

No fault is found with the order of removal, or with the proceedings leading up to it, and it follows that plaintiff in error was not entitled to the office when this action was begun, or on October 10, 1916, the date of the judgment of ouster. That being so, it is no concern of his that Shaw was appointed for a term of two years, instead of until the next meeting of the Senate, according to the provisions of the Constitution.

We find no error in the court's overruling the plea of another suit pending, since said suit was dismissed before the second suit was tried. 1 C. J. §132, p. 94.

It is further contended by the plaintiff in error that the evidence to show that Shaw had qualified and was entitled to the possession of the office was wholly insufficient, and that for that reason so much of the judgment as adjudged him entitled to the possession of the office should be reversed.

This court takes judicial notice that the term of office for which Shaw claims to have been appointed has long since expired. It is therefore unnecessary for us to consider this last mentioned contention, and we express no opinion upon it. *People ex rel. v. Hall,* 45 Colo. 303, 100 Pac. 1129.

So much of the judgment as holds that the plaintiff in error was not entitled to the office is affirmed; and the judgment modified to the extent that all matters relating to the right to the salary of the office, as between the plaintiff in error and Shaw, may be determined in a proper proceeding, as the parties may be advised.

The former opinion is withdrawn, and the judgment modified and affirmed.

*Judgment Modified and Affirmed.*

Decided October 3, A. D. 1917. Rehearing denied February 4, A. D. 1918.