Opinion by
Mr. Justice Hall.
In a three-count information filed April 14, 1961, it was charged that the defendant, on April 8, 1961:
1. “Did * * * attempt to set fire to and burn * * * the dwelling house of Myron Davis, belonging to Myron Davis, located near Mosca, Colorado * * * .”
2. “ * * * did * * * set fire to and burn and cause to be burned the dwelling house belonging to Myron Davis, located near Mosca, Colorado * * * .”
3. “ * * * did * * * destroy and injure the dwelling house of Myron Davis, by then and there setting fire to said dwelling house * * * .” (Emphasis supplied.)
Evidence offered by the People and the defendant established the following facts:
(a) Myron Davis resides, lives and dwells in a house located in Mosca. The dwelling of Myron Davis has not been burned.
(b) Three quarters of a mile south and onerhalf mile west of the Davis dwelling was an unoccupied and abandoned house, not a dwelling, the property of and belonging to a Mr. and Mrs. O’Daniel, who reside in *365 Texas. The defendant started a fire which consumed this house.
(c) There was a third house located one and one-half miles west of the O’Daniel house. That house, not a dwelling, was unoccupied. This house was the property of and owned by Leo McKinley. The defendant burned this house. Proof of the burning was not to convict, but only to show plan, scheme and design.
After hearing the foregoing evidence, the court instructed the jury:
“INSTRUCTION NO. 1
“SECOND COUNT: [The information charges] * * * that Harvey Skidmore * * * did * * * set fire to and burn * * * the dwelling house belonging to Myron Davis, located near Mosca * * * .” (Emphasis supplied.)
“INSTRUCTION NO. 6
“You are instructed that the law of Colorado provides that any person who wilfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any building or structure of whatsoever class or character, whether the property of himself or another, other than any dwelling house, whether occupied, unoccupied or vacant, or any kitchen, shop, barn, stable or other outhouse that is a parcel thereof, or belonging or adjoining thereto, shall be guilty of arson in the second degree.
“You are further instructed that the Court has ruled that the building alleged to have been burned was not a ‘dwelling house’ within the meaning and intent of the statute relating to arson in the first degree, and accordingly, you shall consider only whether or not the defendant is guilty of arson in the second degree, as defined in these instructions.” (Emphasis supplied.)
Here, there is property answering the description contained in the information, a dwelling belonging to Myron Davis. It has not been burned, and yet the *366 defendant stands convicted of burning it. Such conviction cannot stand.
Article II, Section 16, of the Constitution of the State of Colorado provides:
“In criminal prosecutions the accused shall have the right * * * to demand the nature and cause of the accusation * * * .”
In this case the information does inform the accused of the “nature * * * of the accusation,” and that is, the burning of the dwelling of Myron Davis.
In C.R.S. ’53, 39-4-4, it is provided that:
“The information shall be sufficient if it can be understood therefrom: * * * .
“(4) That the offense charged is set forth with such degree of certainty that the court may pronounce judgment upon a conviction according to the right of the case.”
In this case the information meets the statutory requirements and had the evidence established the fact that the defendant had burned the dwelling of Myron Davis, near Mosca, Colorado, the court would have no trouble on conviction in pronouncing judgment “according to the right of the case,” as provided by law, C.R.S. ’53, 40-3-1.
The defendant was never notified or informed of the fact that he was accused of burning a building owned by or belonging to Mr. and Mrs. O’Daniel, and yet the trial court submitted to the jury the question as to whether the defendant had burned the building of the O’Daniels. The jury found him guilty of an offense with which he was never charged, an offense the “nature” of which was never disclosed to him.
In 42 C.J.S. 1273, Indictments and Informations, § 254, it is stated:
“The allegations and the proof must correspond, and if in some matter essential to the charge there is a discrepancy between the averments and the proof, there is *367 a -variance. If the variance is material, as where it misleads accused in making his defense or exposes him to the danger of being again put in jeopardy for the same offense, the variance is fatal to a conviction(Emphasis supplied.)
In Casadas v. People, 134 Colo. 244, 304 P. (2d) 626, this court said:
“Where a count of an information in a criminal case identifies with particularity the exact section of the statute upon which a prosecution is based, as in the instant case, no other statute can be substituted for the one actually selected as forming the subject matter of the prosecution.
“The motion made by defendant’s counsel to dismiss count No. 2 on the ground of fatal variance between the charge and the proof offered unquestionably was good and should have been sustained. An accused person is entitled to be tried on the specific charge contained in the information, and after a plea of not guilty has been entered and the people have submitted all the evidence which the prosecutor desires to present to sustain that charge, no amendment can be made thereto which changes entirely the substance of the crime which defendant is alleged to have committed. * * * .”
The foregoing language is controlling here. There, the defendant was charged with doing things prohibited by one statute and convicted of doing things prohibited by another statute. Here, the defendant was charged with burning a dwelling belonging to Davis and convicted of burning a non-dwelling one and one-quarter miles distant, belonging to O’Daniels.
Skidmore stands convicted of burning the dwelling of Myron Davis. This dwelling has not been burned, therefore he is not guilty as charged.
Skidmore has not been charged with doing that which he did.
The judgment is reversed and the cause remanded *368 with directions to enter a judgment of not guilty of the offense charged and to discharge the defendant.
Mr. Justice Frantz and Mr. Justice Pringle concur.