**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Mondray A. JEFFERSON, Defendant–Appellant.**

**No. 94CA1968.**

Colorado Court of Appeals, Div. II.

Dec. 12, 1996.

Rehearing Denied Jan. 30, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Kim L. Montagriff, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Betty A. Bass, Denver, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Mondray A. Jefferson, appeals a judgment of conviction entered on a jury verdict finding him guilty of second degree assault. We reverse and remand with directions.

This case arises from an incident occurring on April 6, 1994, in which defendant struck the victim across the face with either a handgun or his fist. Defendant was initially charged with second degree assault pursuant to § 18–3–203(1)(b), C.R.S. (1986 Repl.Vol. 8B). The information alleged that defendant "with intent to cause bodily injury to another, did unlawfully and feloniously cause and attempt to cause bodily injury to [the victim] by means of a deadly weapon, to-wit: gun. . . ."

In his trial testimony, defendant acknowledged that he struck the victim across the face, but maintained that he did so with his hand rather than a gun and did not intend to hurt her. The victim testified that defendant struck her twice across the face with a gun and that, as a result of defendant's actions, she received a broken nose. Another witness testified that the victim's nose was

"busted open, you could see her bone." The prosecution introduced photographs showing the victim's face bearing a scar between her eye and nose.

At the close of trial, the prosecution moved to amend the charge to give the jury the additional option of finding second degree assault based on infliction of serious bodily injury. The court granted this motion over defendant's objection. The jury received instructions that it could find defendant guilty of second degree assault on the basis either that he "caused or attempted to cause bodily injury to a person ... by means of a deadly weapon," or that he "with intent to cause serious bodily injury to another person ... caused serious bodily injury to any person...." The jury found defendant guilty, indicating on the verdict form that he had intentionally caused serious bodily injury. This appeal followed.

## I.

■ Defendant contends that the trial court erred in permitting amendment of the charge against him during trial. We agree.

Crim. P. 7(e) provides:

The court may permit an information to be amended as to form or substance at any time prior to trial; the court may permit it to be amended as to form at any time before the verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

■ Thus, while an information may be amended as to form during trial, the law prohibits "amendments that effectively subject the defendant to the risk of conviction for an offense that was not originally charged in the charging document." *People v. Rodriguez*, 914 P.2d 230, 257 (Colo.1996). Absent circumstances not present here, when a defendant is charged with one crime and the jury is instructed on the elements of another, a resulting conviction cannot stand. *Skidmore v. People*, 154 Colo. 363, 390 P.2d 944 (1964).

Here, in addition to an instruction defining the offense charged, the jury received an additional instruction defining an alternative charge to the one set forth in the information. The elements of this new charge appeared in a separate subsection (since repealed) of the statute criminalizing second degree assault. *See* § 18–3–203(1)(a), C.R.S. (1986 Repl.Vol. 8B). In its supplemental brief, the prosecution concedes that this new jury instruction amounted to a constructive amendment of the information.

Moreover, such an amendment was one of substance rather than of form. The additional instruction allowed the jury to find defendant guilty if it found he intentionally inflicted serious injury. This changed the elements from those of the offense originally charged. Defendant's theory of defense to the original charge was that he did not use a deadly weapon in striking the victim. The effect of the amendment to the information was to nullify that defense by allowing the prosecution to obtain a conviction simply upon a finding that the injury was serious, without regard to how it was inflicted.

■ Finally, we agree with defendant's contention that the amendment prejudiced his substantial rights. Because the amendment took place after all evidence had been received, defendant was completely deprived of the opportunity to present evidence—through cross-examination or by expert testimony—that the victim did not suffer serious bodily injury. During the trial, the degree of the victim's injury was simply not a material issue in the case. It became so only after defendant was powerless to rebut it. Prejudice is also demonstrated by the fact that the jury found defendant guilty on this new theory, rather than on the basis originally charged.

We therefore conclude that the trial court erred in permitting the constructive amendment of the charge against defendant and that this error prejudiced his substantial rights.

■ We note, however, that the jury was also instructed on the elements of third degree assault—recklessly causing bodily injury to another person. Indeed, defendant admitted in his testimony that he had struck the victim and caused her bodily injury. Moreover, in closing argument, defense coun-

sel acknowledged that the elements of third degree assault had been established and urged the jury to find defendant guilty of that offense rather than of second degree assault.

Under these circumstances, we agree with the prosecution that the appropriate remedy here is to reverse the second degree assault conviction and remand for entry of a judgment of conviction of third degree assault as defined in § 18–3–204, C.R.S. (1986 Repl.Vol. 8B). *See People v. Johnson,* 644 P.2d 34 (Colo.App.1980), aff'd. on other grounds, sub nom., *Gimmy v. People,* 645 P.2d 262 (Colo. 1982).

The judgment of conviction of second degree assault is reversed, and the cause is remanded for entry of judgment of conviction of third degree assault and for further proceedings in accordance with this opinion.

STERNBERG, C.J., and CRISWELL, J., concur.