The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

**Louis A. MADDEN, Defendant–Appellant.**

No. 02CA0024.

Colorado Court of Appeals, Div. II.

Aug. 14, 2003.

Rehearing Denied Oct. 16, 2003.

Certiorari Granted April 5, 2004.

Ken Salazar, Attorney General, John J. Fuerst, III, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Jason C. Middleton, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Louis A. Madden, appeals the judgment of conviction entered upon jury verdicts finding him guilty of attempted patronizing a prostituted child and attempted third degree sexual assault. We affirm in part, reverse in part, and remand for a new trial on the assault charge.

According to the People's evidence, on January 21, 2000, the fourteen-year-old victim boarded a trolley operated by the City of Durango. Defendant, who was the trolley's driver, commented to the victim that she was "a pretty young girl" and "you should have sex with me." When defendant and the victim were the only people on the trolley, defendant stopped the trolley, moved to the back where the victim was located, and asked

her to stand. After she stood, defendant held her against a window, started kissing her neck, placed his hand on her leg, and said "Damn it, take your pants off." As defendant held the victim with his right hand, he pulled her shirt up. The victim felt defendant's penis against her stomach and then felt something wet.

Defendant's defense at trial was that he did not engage in any of the alleged conduct.

## I.

■ Defendant contends that the evidence was insufficient to support his conviction for attempted patronizing a prostituted child. We disagree.

We must determine whether, when taken as a whole and in the light most favorable to the prosecution, the evidence is sufficient to support a finding of guilt beyond a reasonable doubt on each conviction. In applying this standard, we must give the prosecution the benefit of every reasonable inference that might fairly be drawn from the evidence. *Kogan v. People*, 756 P.2d 945, 950 (Colo. 1988).

As relevant here, a person "commits patronizing a prostituted child [when he] [e]ngages in an act which is prostitution of a child." Section 18–7–406(1)(a), C.R.S.2002. Prostitution of a child is defined, in relevant part, as "inducing a child to perform or offer or agree to perform any act of sexual intercourse, fellatio, cunnilingus, masturbation, or anal intercourse with any person . . . by coercion or by any threat or intimidation." Section 18–7–401(7), C.R.S.2002.

A person commits attempt when "acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense." Section 18–2–101(1), C.R.S.2002.

Here, when viewed in the light most favorable to the prosecution, the evidence establishes that defendant took a substantial step towards inducing the victim to perform an enumerated sexual act by coercion, threat, or intimidation. Defendant's conduct of holding the victim against the window of the trolley and telling her, "Damn it, take your pants off" is evidence of intimidation taken as a substantial step toward inducing the victim to perform a sexual act.

Defendant contends that the parts of the statute under which he was convicted were intended by the General Assembly to cover situations where a third party uses coercive tactics to encourage a child to engage in prostitution. Accordingly, defendant asserts that there is an implied element that he must have attempted to have the victim act as a "prostitute" and there is no evidence to support this element. However, because the elements of the violation of this statute are clear and unambiguous, we need not look to the legislative history to imply an element that it is not included in the statute. *See Martin v. People*, 27 P.3d 846 (Colo.2001)(if statutory language is unambiguous, we need not apply additional rules of statutory construction to determine the statute's meaning).

Thus, we conclude that the evidence supports defendant's conviction of attempted patronizing a prostituted child.

## II.

■ Defendant contends that parts of § 18–7–401(7) are unconstitutionally vague. Additionally, defendant contends that because the offense of patronizing a prostituted child proscribes the same conduct as the offense of sexual assault in the third degree pursuant to Colo. Sess. Laws 1994, ch. 287, § 18–3–404(1.5) at 1717, and the penalties for the two offenses are different, his conviction violates equal protection. We decline to reach these constitutional arguments because they were not raised in the trial court. *See People v. Cagle*, 751 P.2d 614 (Colo.1988).

## III.

■ Defendant contends that the use of an instruction defining a variety of third degree sexual assault different from the charged offense was an improper constructive amendment after the close of the evidence. We agree.

The relevant version of § 18–3–404(1.5) provided:

Any person who knowingly, with or without sexual contact, induces or coerces a child by any of the means set forth in 18–3–402 or 18–3–403 to expose intimate parts or to engage in any sexual contact, intrusion, or penetration with another person, for the purpose of the actor's own sexual gratification, commits sexual assault in the third-degree.

Defendant was charged with attempted third degree sexual assault under the portion of the statute that prohibits coercing or inducing a child "to expose intimate parts." However, the trial court instructed the jury based upon the portion of the statute that prohibits coercing or inducing a child "to engage in any sexual contact."

■ It is unconstitutional to require a defendant to answer a charge not contained in the charging instrument. *Schmuck v. United States,* 489 U.S. 705, 717, 109 S.Ct. 1443, 1451, 103 L.Ed.2d 734 (1989)("It is ancient doctrine of both the common law and of our Constitution that a defendant cannot be held to answer a charge not contained in the indictment brought against him."); *see also People v. Rodriguez,* 914 P.2d 230 (Colo. 1996).

■ Accordingly, variances between the crime charged and the crime instructed upon or convicted of that change an essential element of the charged offense and alter the substance of the charging instrument are considered unconstitutional constructive amendments to the information. *People v. Rodriguez, supra; see also* Crim. P. 7(e) (information may only be amended as to substance "at any time prior to trial").

■ A constructive amendment after completion of the evidence is per se reversible error. *People v. Foster,* 971 P.2d 1082, 1087 (Colo.App.1998)("A variance that broadens an indictment constitutes a constructive amendment and is reversible per se."); *see also United States v. Wright,* 932 F.2d 868 (10th Cir.1991); *People v. Rodriguez, supra.*

Because the jury instruction for third degree sexual assault required proof of an alternative method of committing the crime not contemplated by the information, we conclude that this constructive amendment of

the information is reversible per se. Accordingly, defendant's conviction for third degree sexual assault must be vacated and the case remanded for a new trial on that charge.

## IV.

Defendant contends that the trial court erred in other instructions to the jury. We disagree.

■ Because defendant did not object to any of the contested instructions at trial, we review for plain error. Plain error is an error that is obvious, substantial, and grave and seriously affects the substantial rights of the accused. It has occurred when a court can conclude with fair assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *Moore v. People,* 925 P.2d 264, 269 (Colo.1996).

■ To obtain reversal under a plain error standard, a defendant must demonstrate not only that the jury instruction affected a substantial right, but also that the record reveals a reasonable possibility that the error contributed to his conviction. *People v. Garcia,* 28 P.3d 340 (Colo.2001).

### A.

Because of our holding in part III, we need not reach defendant's argument that the instruction for third degree sexual assault was erroneous for failing to apply the mens rea of "knowingly" to every element.

### B.

■ Defendant contends that the instruction for patronizing a prostituted child did not apply the mens rea of knowingly to every element and thus was plain error. We are not persuaded.

The trial court instructed the jury that "[t]he elements of the crime of Patronizing a Prostituted Child, are: (1) that the defendant ... (3) knowingly engaged in an act, (4) which was prostitution of a child under the age of 18 years." The trial court instructed the jury, in relevant part, that "prostitution

of a child means inducing a child to perform or offer to perform any act of sexual intercourse, fellatio, cunnilingus, masturbation or anal intercourse with any person not the child's spouse by coercion or by threat or by intimidation."

Knowingly must be read to apply to every element. *See People v. Coleby,* 34 P.3d 422 (Colo.2001); § 18–1–503(4), C.R.S.2002.

Defendant argues that the instruction, which requires that the "act" of patronizing a prostituted child be knowingly committed, could lead the jury to conclude that knowingly applies only to the sexual act and not to the coercion, threat or intimidation. Essentially, defendant argues that the error may have occurred because the term "act" refers to both the entire offense of patronizing a prostituted child and the specific sexual act in the offense.

However, even assuming that the instruction could be so read, we still would conclude that no plain error occurred. The facts of the case do not suggest that the coercion, threat, or intimidation alleged was not knowingly done. Accordingly, defendant cannot demonstrate that such an error contributed to his conviction.

### C.

◼ Defendant contends the trial court committed plain error by failing to instruct the jury regarding the meaning of a "substantial step" for purposes of criminal attempt liability. We disagree.

We conclude that the absence of such an instruction was not plain error because defendant did not contest the issue at trial. Defendant did not argue that his conduct was not a substantial step towards commission of the offense. Instead, defendant argued that he did not engage in the conduct alleged. Accordingly, the failure to define "substantial step" did not contribute to his conviction.

### D.

◼ Defendant contends that the trial court committed plain error by applying the mens rea of knowingly to the offense of patronizing a prostituted child. We again disagree.

As § 18–7–401(7) defines prostitution of a child, the "coercion, threat, or intimidation [inducing the child's conduct] need not constitute an independent criminal offense and shall be determined solely through its intended or its actual effect upon the child." Defendant argues that the word "intended" incorporates a mental state of intentionally for the offense.

We decline to reach defendant's argument because the record leaves no reasonable doubt that defendant's intent was "coercion, threat or intimidation." Accordingly, we conclude that the trial court did not commit plain error here.

### V.

Defendant contends the trial court erred in sentencing him to indeterminate sentences pursuant to the former § 16–13–803, now codified as § 18–1.3–1004, C.R.S.2002. We agree in part.

### A.

The People concede that the conviction for attempted third degree sexual assault is not subject to indeterminate sentencing. Only criminal attempts that are class 2, 3, or 4 felonies are subject to indeterminate sentencing, and attempted third degree sexual assault by force is a class 5 felony. If defendant is convicted upon remand, the trial court shall not sentence defendant to an indeterminate sentence for that offense.

### B.

◼ Defendant contends that in establishing indeterminate sentencing for criminal attempts, § 18–1.3–1003(5)(b), C.R.S.2002, refers to paragraph (a) of subsection 4 of that statute for a list of the sex offenses covered. Defendant asserts correctly that there is no paragraph (a) of subsection 4. However, we find no error.

◼ Where possible, a statute should be interpreted to give effect to all its parts. *People ex rel. Marks v. Dist. Court,* 161 Colo. 14, 420 P.2d 236 (1966). We presume that

the legislature intends a just and reasonable result when it enacts a statute, and we will not read a statute to provide an unreasonable or absurd result. *People v. Drake*, 983 P.2d 135 (Colo.App.1999). Furthermore, courts may correct evident errors in words or figures so as to give an act its manifest meaning. *Capp v. People*, 64 Colo. 58, 170 P. 399 (1917).

Here, the sex offenses are listed in paragraph (a) of subsection 5, and not subsection 4, as indicated by the statute. However, to read the statute as referring to a nonexistent section would render § 18–1.3–1003(5)(b) meaningless and would lead to an absurd result. Accordingly, we conclude that this designation to a nonexistent section is merely a typographical error that we may correct, and we conclude that § 18–1.3–1003(5)(b) should be read to refer to the sex offenses listed in § 18–1.3–1003(5)(a).

Defendant contends that such an interpretation is an unconstitutional retroactive expansion of a criminal statute. We disagree.

■ Judicial interpretations that are foreseeable and defensible in reference to the statute can be retroactively applied to a criminal defendant. *See Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964).

Here, the error was typographical, and our interpretation could be reasonably foreseen upon a reading of the statute. Accordingly, we conclude that the application of that interpretation to defendant is not unconstitutional.

### VI.

■ Defendant contends that the trial court erred in responding to the jury's questions regarding the offense of attempted patronizing of a prostituted child. We disagree.

Here, the court stated that the jury should re-read the questioned instruction, but provided no further elaboration. On the record,

the prosecution and defense counsel agreed with the court's response.

Because defendant, through defense counsel, consented to this response, he cannot now assert it was error. *See People v. Hendrickson*, 45 P.3d 786, 793 (Colo.App. 2001)("When a defendant ... expressly agrees to [a response to the jury], he or she is prevented from asserting error with respect to the response."). We conclude that if any error occurred, it was invited by defendant.

The judgment of conviction of attempted third degree sexual assault is reversed, and the case is remanded to the trial court for a new trial on that charge. The judgment is affirmed in all other respects.

WEBB and PIERCE *, JJ., concur.