**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Peter Karl WEINREICH, Defendant–Appellant.**

No. 02CA0995.

Colorado Court of Appeals, Div. III.

March 25, 2004.

Rehearing Denied July 1, 2004.

Certiorari Granted Oct. 18, 2004.

Ken Salazar, Attorney General, Cheryl Hone, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Robert T. Fishman, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Peter K. Weinreich, appeals the judgment of conviction entered on jury verdicts finding him guilty of reckless child abuse resulting in death, careless driving resulting in death, criminally negligent homicide, child abuse resulting in injury, driving while ability impaired, and a traffic-related offense. We reverse and remand for a new trial on the charge of reckless child abuse resulting in death and otherwise affirm.

On the evening of July 29, 2001, defendant was driving east on a two-lane road with the sun setting behind him. His six-year old twin daughters were riding in his lap without seat belts. Abiding by the speed limit, defendant approached from behind an eastbound vehicle that was moving slowly and towing a flatbed trailer. The eastbound vehicle, according to its driver, was signaling a left turn. Defendant noticed that the eastbound vehicle was slowing down but did not observe the turn signal. He decided to pass the eastbound vehicle and pulled into the left lane. The eastbound vehicle began turning left in front of defendant, and defendant swerved to avoid a collision. Defendant brushed the other vehicle, and defendant's car began spinning out of control and then rolled two or three times.

Defendant and one daughter suffered only minor injuries. The other daughter was crushed by the car and died instantly. The back seat of the car where both children should have been riding under restraint was virtually undamaged.

About an hour and a half after the accident, medical personnel drew blood from defendant. The blood was found to have a blood alcohol content (BAC) of .086. An hour later, his BAC was similarly determined to be .059.

Defendant was charged with reckless child abuse resulting in death, under-the-influence vehicular homicide, reckless vehicular homicide, manslaughter, child abuse resulting in injury, driving under the influence of alcohol, driving with an excessive blood alcohol content, and other traffic-related offenses.

The jury found defendant guilty as indicated above. He was sentenced to a total of twenty-six years in prison with reckless child abuse as the measuring sentence.

I.

Defendant contends that the trial court erred in permitting a constructive amendment of the charge of child abuse resulting in death during trial following the close of evidence. We agree.

In the information, defendant was charged with Child Abuse Resulting in Death:

> On or about July 29, 2001, [defendant] did unlawfully, feloniously, knowingly, and recklessly cause an injury to the life and health of [daughter], a child less than sixteen years of age, resulting in the death of [daughter]; In violation of [§ ] 18–6–401(1) and (7)(a)(I) [C.R.S.2003].

The corresponding jury instruction, following CJI Crim. 22:04 (1983), stated, in relevant part:

> The elements of the crime of Child Abuse Resulting in Death—Recklessly are:
> 1. That the defendant,
> 2. in the State of Colorado, at or about the date and place charged,
> 3. recklessly,
> 4. permitted a child under the age of sixteen to be unreasonably placed in a situation that *may have* endangered the child's life or health
> 5. which resulted in the death of the child.

(Emphasis added.)

On appeal, defendant argues that this jury instruction constructively amended the count in the information because the instruction substituted an element, "permitted a child under the age of sixteen to be unreasonably placed in a situation that may have endangered the child's life or health," for "cause[d]

an injury to the life and health of . . . a child less than sixteen years of age, resulting in the death."

■ Because defendant did not object to the instruction, review is conducted under the plain error standard. The plain error standard requires the defendant to show that the amendment affected a substantial right and that the record reveals a reasonable possibility that the error contributed to the defendant's conviction. *People v. Lawrence,* 55 P.3d 155 (Colo.App.2001).

■ Crim. P. 7(e) states, in relevant part: "[T]he court may permit [an information] to be amended as to form at any time before the verdict . . . if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." An information can be amended as to form during trial, but "amendments that 'effectively subject a defendant to the risk of conviction for an offense that was not originally charged'" are prohibited. *People v. Rodriguez,* 914 P.2d 230, 257 (Colo.1996)(quoting *United States v. Mosley,* 965 F.2d 906, 915 (10th Cir.1992)); *People v. Jefferson,* 934 P.2d 870 (Colo.App.1996).

■ A statutory citation is an immaterial part of the information; therefore, the language of the information charging an offense is the "controlling factor in determining whether the amendment was permissible after trial." *People v. Johnson,* 644 P.2d 34, 37 (Colo.App.1980).

However, to properly assess whether the jury instruction constructively amended the information, we must look at § 18–6–401, C.R.S.2003, which states, in relevant part:

(1)(a) A person commits child abuse if such person causes an injury to a child's life or health, *or* permits a child to be unreasonably placed in a situation that poses a threat of injury to the child's life or health, *or* engages in a continued pattern of conduct that results in malnourishment, lack of proper medical care, cruel punishment, mistreatment, or an accumulation of injuries that ultimately results in the death of a child or serious bodily injury to a child.

. . . .

(7)(a) Where death or injury results, the following shall apply:

(I) When a person acts knowingly or recklessly and the child abuse results in death to the child, it is a class 2 felony except as provided in paragraph (c) of this subsection (7).

(Emphasis added.)

Section 18–6–401(1)(a) states three distinct forms of, or ways to commit, child abuse. The first is "causes an injury to a child's life or health." The second is "permits a child to be unreasonably placed in a situation that poses a threat of injury to the child's life or health." The third is "engages in a continued pattern of conduct that results in malnourishment, lack of proper medical care, cruel punishment, mistreatment, or an accumulation of injuries that ultimately results in the death of a child or serious bodily injury to a child." *See People v. Pineda,* 40 P.3d 60, 65 (Colo.App.2001)(suggesting this conclusion).

■ We conclude that the instruction delivered by the trial court constructively amended the count of reckless child abuse resulting in death. The information charged one form of child abuse, causing an injury to a child's life or health, and the jury instruction stated another, uncharged form of child abuse, permitting a child to be unreasonably placed in a situation that may have endangered the child's life or health. *Cf. People v. Jefferson, supra* (finding that the information charged one form of second degree assault, causing bodily injury with a deadly weapon, but the jury instructions stated an additional, uncharged form of second degree assault, intentional infliction of serious bodily injury, which constituted a substantive amendment requiring reversal); *People v. Johnson, supra* (finding that the information charged that defendant recklessly caused bodily injury, but later "recklessly" was replaced with "intentionally," which constituted a substantive amendment requiring reversal).

In addition, the instruction tracked an obsolete version of the statute. That is, the phrase "may endanger a child's life" was amended to read "poses a threat of injury to the child's life." *See* Colo. Sess. Laws 1985, ch. 154, § 18–6–401(1)(a) at 672. In *People v. Schwartz,* 678 P.2d 1000, 1007 (Colo.1984), the court held that the phrase "placed in a

situation that may endanger the child's life or health" applies "only to those cases in which the child did not suffer death or injury, but was placed in a situation which *may have* endangered (but did not actually endanger) his/her life or health."

▪ We further conclude that the error rises to plain error because the amendment prejudiced defendant's substantial rights. The amendment occurred after the close of evidence, and therefore, defendant was deprived of the opportunity to present evidence on whether he had unreasonably placed his deceased daughter in a situation that may have endangered her life or health.

Therefore, the trial court erred in allowing the constructive amendment of the information, and, because the error constituted plain error, we reverse and remand for a new trial on the charge of reckless child abuse resulting in death.

Because it is unlikely that they will arise on retrial, or are unlikely to arise in the same context, we need not address the admissibility of the blood alcohol extrapolation evidence or the trial court's response to the jury question on lesser included offenses. Because it may arise on retrial on the reckless child abuse charge, we address defendant's contention of prosecutorial misconduct in closing argument.

## II.

▪ Defendant next contends that the prosecutor misstated the law during closing argument, warranting a new trial. More specifically, defendant asserts that during closing arguments the prosecutor implied that defendant had acted recklessly by allowing his daughters to ride in his lap unrestrained. Defendant claims that those statements misstated the law because they suggested that a violation of the seat belt law established that defendant acted recklessly. We disagree.

Section 42-4-236, C.R.S.2003, requires that all children under the age of sixteen riding in a passenger vehicle, with some exceptions not here present, be restrained by a child restraint system or safety belt system appropriate to their age and size. Section 42-4-236(6), C.R.S.2003, states: [a]ny violation of this section shall not constitute negli-

gence per se or contributory negligence per se." Defendant argues that if a violation of the statute is not negligence or contributory negligence per se, then it cannot rise to reckless conduct.

▪ Because defendant did not object to the prosecutor's argument, we review for plain error. Prosecutorial misconduct in closing argument rarely constitutes plain error. To constitute plain error, misconduct must be flagrant or glaring or tremendously improper, and it must so undermine the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *People v. Shepherd,* 43 P.3d 693 (Colo.App.2001). Counsel may not misstate or misinterpret the law in closing arguments. *People v. Anderson,* 991 P.2d 319 (Colo.App.1999).

The prosecutor did not state that defendant was reckless simply because he violated the seat belt law. Rather, the prosecutor argued defendant had acted recklessly by failing to properly restrain his daughters, drove while intoxicated, and passed on the left. This argument, taken in context, is not a misstatement of the law.

Accordingly, the judgment of conviction of reckless child abuse resulting in death is reversed, and the case is remanded for a new trial on that charge. In all other respects the judgment is affirmed.

Judge KAPELKE and Judge CARPARELLI concur.